ACCEPTED
12-14-00102-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
5/28/2015 11:56:08 AM
CATHY LUSK
CLERK



**Mark W. Cargill**
ATTORNEY AT LAW

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS Christina L. Cargill
SR. PARALEGAL
5/28/2015 11:56:08 AM
SOCIAL SECURITY REPRESENTATIVE
CATHY S. LUSK cargill.christina@yahoo.com
Clerk

Sheridan Wendele
CLIENT SERVICES
wendelesheridanm@yahoo.com

May 27, 2015

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Tracy Trevino #019291189
PAC 1 Unit
2400 Wallace PAC Rd
Navasota, Texas 77868

RE:     *Tracy Trevino v. The State of Texas*
     *No.:     12-14-00102-CR,  Trial:  13CR-034*

Dear Mr. Trevino:

Please be advised that the 12th Court of Appeals District of Texas – Tyler, Texas, has Affirmed the lower court's decision on your case by way of a MANDATE and/or written Opinion that was issued on May 13, 2015, and a copy of which is enclosed for your convenience. If you desire to file a Pro Se Petition for Discretionary Review - appeal, you must do so **no later than 30 days after the date of the decision, i.e.  June 11, 2015.**

If you have any questions or concerns, please call correspondence.

Very truly yours,

Cargill & Associates

Mark W. Cargill
MWC/cc
Enclosure
cc:     Court of Appeals – 12th Court of Appeal, Tyler, Texas via

**U.S. Postal Service** TM
**CERTIFIED MAIL** TM **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To  *Tracy Trevino*
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800  August 2006                    See Reverse for Instructions

701 N. Elm Street • Palestine, Texas 75801 • Telephone: 903/729-8011 • Fax: 903/729-5112 • Email: cargillaw@earthlink.net



CHIEF JUSTICE
JAMES T. WORTHEN

JUSTICES
BRIAN HOYLE
GREG NEELEY

## TWELFTH COURT OF APPEALS

CLERK
CATHY S. LUSK

CHIEF STAFF ATTORNEY
MARGARET HUSSEY

May 13, 2015

Ms. Donna Gordon Kaspar
District Attorney
349th Judicial District
401 East Houston Ave.
Crockett, TX 75835
* DELIVERED VIA E-MAIL *

Mr. Mark W. Cargill
Cargill & Associates
701 N. Elm Street
Palestine, TX 75801
* DELIVERED VIA E-MAIL *

**RE:**  Case Number: 12-14-00102-CR
Trial Court Case Number: 13CR-034

**Style:**  Tracy Trevino
v.
The State of Texas

Enclosed is a copy of the Memorandum Opinion issued this date in the above styled and numbered cause. Also enclosed is a copy of the court's judgment.

Very truly yours,

CATHY S. LUSK, CLERK

By: _Katrina McClenny_
Katrina McClenny, Chief Deputy Clerk

CC:  Judge Pam Fletcher 349th District Court (DELIVERED VIA E-MAIL)
Hon. Mary L. Murphy (DELIVERED VIA E-MAIL)
Ms. Carolyn Rains (DELIVERED VIA E-MAIL)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 13, 2015**

NO. 12-14-00102-CR

**TRACY TREVINO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 13CR-034)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things affirmed, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.

NO. 12-14-00102-CR

IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

| | | |
|---|---|---|
| TRACY TREVINO, APPELLANT | § | APPEAL FROM THE 349TH |
| V. | § | JUDICIAL DISTRICT COURT |
| THE STATE OF TEXAS, APPELLEE | § | HOUSTON COUNTY, TEXAS |

## MEMORANDUM OPINION

Tracy Trevino appeals his conviction for aggravated assault, for which he was sentenced to imprisonment for fifteen years. In one issue, Appellant argues his sentence is excessive and grossly disproportionate to the crime of which he was convicted. We affirm.

### BACKGROUND

Appellant was charged by indictment with aggravated assault and pleaded "not guilty." The matter proceeded to a jury trial. The jury found Appellant "guilty" as charged. Following a bench trial on punishment, the trial court sentenced Appellant to imprisonment for fifteen years. This appeal followed.

### CRUEL AND UNUSUAL PUNISHMENT

In his sole issue, Appellant argues that the fifteen year sentence imposed by the trial court amounts to cruel and unusual punishment. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, failed to preserve any such error. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); see also TEX R.

APP. P. 33.1; Mays v. State, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009). ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] . . . it [is] incumbent upon the [c]ourt itself to take up error preservation as a threshold issue."). But even despite Appellant's failure to preserve error, we conclude that the sentence about which he complains does not constitute cruel and unusual punishment.

The legislature is vested with the power to define crimes and prescribe penalties. See Davis v. State, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); see also Simmons v. State, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. See Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Davis, 905 S.W.2d at 664. In the case at hand, Appellant was convicted of aggravated assault, the punishment range for which is two to twenty years. See TEX. PENAL CODE ANN. §§ 12.33(a), 22.02(a)(2), (b) (West 2011). Thus, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant urges the court to perform the three part test originally set forth in Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the Solem test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. See, e.g., McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); see also Jackson v. State, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).

We first must determine whether Appellant's sentence is grossly disproportionate. In so doing, we are guided by the holding in Rummel v. Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In Rummel, the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual

2

offender statute for a conviction of obtaining $120.75 by false pretenses. See id., 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. Id., 445 U.S. at 266, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. Id., 445 U.S. at 285, 100 S. Ct. at 1145.

In the case at hand, the offense committed by Appellant—aggravated assault—is more serious than the combination of offenses committed by the appellant in Rummel, while Appellant's fifteen year sentence is far less severe than the life sentence upheld by the Supreme Court in Rummel. Thus, it is reasonable to conclude that if the sentence in Rummel was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the Solem test. Appellant's sole issue is overruled.

### DISPOSITION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered May 13, 2015.
Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.

(DO NOT PUBLISH)

3